J-S29040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER OLD | : | |
| | : | |
| Appellant | : | No. 589 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 15, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007152-2023

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: October 9, 2025**

Appellant, Christopher Old, appeals from the judgment of sentence of six months' probation, imposed after he was convicted of obstructing the administration of law or other government function (18 Pa.C.S. § 5101), and obstructing highways or other public passages (18 Pa.C.S. § 5507). Appellant challenges the sufficiency of the evidence to sustain his convictions for both these offenses. After careful review, we affirm.

The trial court provided a detailed summary of the facts underlying Appellant's convictions, which we adopt herein. *See* Trial Court Opinion (TCO), 1/15/25, at 1-2. We only briefly note that Appellant's convictions stemmed from evidence he parked his vehicle blocking his neighbor's driveway on Blanche Avenue in the City of Pittsburgh. *See id.* at 2 He then refused to move his car despite being repeatedly asked to do so by police, and would not get out of his vehicle so that officers could tow it. *See id.* After

approximately one hour of this obstinate behavior, Appellant finally moved his

car into his own driveway, which was just a short distance away.  ***Id.***

Appellant was convicted of the above-stated offenses following a non-

jury trial on April 15, 2024.  He was sentenced that same day to the above-

stated term of probation.  Appellant filed a timely notice of appeal, and he and

the court complied with Pa.R.A.P. 1925.  Herein, Appellant states two issues

for our review:

> I. Whether the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] made Blanche Avenue "impassable without unreasonable inconvenience or hazard" as required under 18 Pa.C.S.[] § 5507(c)?
>
> II. Whether the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] obstructed an official function where the alleged function was merely threatened, and police never attempted to carry it out?

Appellant's Brief at 6.

In addressing Appellant's two sufficiency-of-the-evidence challenges,

we initially observe that,

> [w]hether  the evidence was sufficient to  sustain  the  charge presents a question of law.  Our standard of review is *de novo*, and our scope of review is plenary.  In conducting our inquiry, we examine[,]
>
> > whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, is sufficient to establish all elements of the offense beyond a reasonable doubt.  We may not weigh the evidence or substitute our judgment for that of the fact-finder.  Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of

fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Rojas-Rolon***, 256 A.3d 432, 436 (Pa. Super. 2021) (cleaned up).

Here, in analyzing Appellant's sufficiency claims, we have reviewed the record, the briefs of the parties, the applicable law, and the opinion authored by the Honorable Jennifer Satler of the Court of Common Pleas of Allegheny County. We conclude that Judge Satler's decision adequately explains why the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to support Appellant's convictions. ***See*** TCO at 2-5.[1] Thus, we adopt Judge Satler's opinion as our own and affirm Appellant's judgment of sentence for the reasons set forth therein.

_____

[1] We briefly address Appellant's contention that Judge Satler's analysis of his conviction for obstructing highways or other public passages is "flawed" because Judge Satler did not acknowledge a defense video purportedly "show[ing] a truck, significantly larger than [Appellant's neighbor's] sedan…, quickly and easily navigating around [Appellant's] vehicle in a matter of seconds." Appellant's Brief at 17. Appellant claims this video proves his vehicle did not "obstruct" the street by "render[ing it] impassable without unreasonable inconvenience or hazard[,]" as the statute requires. 18 Pa.C.S. § 5507(c) ("As used in this section the word 'obstructs' means renders impassable without unreasonable inconvenience or hazard.").

We disagree. The evidence at trial showed that, to get around Appellant's vehicle and onto Blanche Avenue, his neighbor "was forced to drive over a sidewalk[,]" which "created a risk of damage to [the neighbor's] vehicle due to the vehicle's low clearance to the ground." TCO at 5. We agree with the court that by this conduct, Appellant made Blanche Avenue "impassable

*(Footnote Continued Next Page)*

- 3 -

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/09/2025

---

without unreasonable inconvenience or hazard" for his neighbor, as required by section 5507, regardless of whether a larger vehicle could maneuver past Appellant's vehicle.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | |
| vs. | ) | CP-02-CR-7152-2023 |
| | ) | |
| CHRISTOPHER OLD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORIGINAL
Criminal Division
Dept Of Court Records
Allegheny County, PA

**OPINION**

SATLER, J.

This is a direct appeal wherein the defendant, Christopher Old, appeals from the judgment of sentence which became final on April 15, 2024. . After a nonjury trial, the defendant was convicted of Obstructing the Administration of Law or Other Government Function and Obstructing Highways or Other Public Passages and was sentenced to concurrent six-month terms of probation. The defendant filed a timely Notice of Appeal challenging only the sufficiency of evidence to convict him.

The facts underlying the instant appeal are as follows:

On June 4, 2023, City of Pittsburgh Police Officer Nicholas Gadola was dispatched to the area of Complete Street and Blanche Avenue in the City of Pittsburgh to respond to a complaint involving a public dispute between the defendant and Joseph Bernardi over property rights involving a driveway on Blanche Avenue. Blanche avenue was located directly behind row houses that were located on Complete Street. Upon arriving at the scene, Officer Gadola was met by the

FILED

2025 JAN 15 AM 10:05

ALLEGHENY COUNTY
DEPT OF COURT RECORDS

COPY

defendant. Officer Gadola observed the defendant's vehicle parked on Blanche Avenue and it was obstructing ingress to and egress from a driveway located at the end of Blanche Avenue. The defendant's vehicle was blocking Mr. Bernardi's vehicle from exiting his driveway onto Blanche Avenue. Because of the location of defendant's vehicle, Mr. Bernardi's vehicle would have had to drive over a sidewalk to exit his driveway. Officer Gadola approached the defendant and asked the defendant to move the vehicle multiple times. The defendant refused to move his vehicle and, instead, entered his vehicle and sat in it. Three additional police officers responded to the scene and the defendant persisted in his refusal to move his vehicle. Officer Gadola eventually issued a citation to the defendant for illegally parking his vehicle. Officer Gadola then informed the defendant that his vehicle was going to be towed. The defendant continued to remain inside his vehicle and refused to move it. Officer Gadola was unable to have defendant's vehicle towed because police officers were prohibited from having occupied vehicles towed from a scene. After approximately an hour of rejecting repeated requests to move his vehicle, the defendant moved his vehicle and parked it in his own driveway which was located just a short distance away.

On appeal, the defendant challenges the sufficiency of the evidence to convict him. The standard of review for sufficiency of the evidence claims is well settled:

> the standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a

2

matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof [of] proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Lehman, 820 A.2d 766, 772 (Pa. Super. 2003). In addition, "[a]ny doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Commonwealth v. Cassidy, 668 A.2d 1143, 1144 (Pa.Super. 1995).

Defendant was found guilty of Obstructing Administration of Law or other Government Function, in violation of 18 Pa.C.S.A. §5101. This crime is defined as follows:

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

Pennsylvania courts have explained that § 5101 is based upon the Model Penal Code section 242.1. Commonwealth v. Neckerauer, 421 Pa. Super. 255, 617 A.2d 1281, 1287 (Pa. Super. 1992). As explained in the comment to section 242.1 of the Model Penal Code "[t]his provision is designed to cover a broad range of behavior that impedes or defeats the operation of government." Commonwealth v. Trolene, 263 Pa. Super. 263, 397 A.2d 1200, 1202 (Pa. Super. 1979).

3

The defendant argues that the evidence at trial was insufficient to prove that he obstructed an official function in this case. On the contrary, the evidence in this case was sufficient to convict. Officer Gadola and the other officers were acting in their official capacities when they responded to the incident between the defendant and Mr. Bernardi. The officers attempted to convince the defendant to move his vehicle from Blanche Avenue while it was blocking Mr. Bernardi's driveway. Rather than moving his vehicle, the defendant entered his vehicle and refused to move it. Officer Gadola then issued a parking citation to the defendant and the defendant still refused to move his vehicle. Finally, Officer Gadola informed the defendant that he was going to tow the vehicle to remove it from blocking Mr. Bernardi's driveway. The defendant refused to exit his vehicle. Defendant's refusal to exit his vehicle impeded Officer Gadola from carrying out his official function of summoning tow services to remove the defendant's vehicle from it illegally parked position on Blanche Avenue. Defendant's actions physically interfered with Officer Gadola's official duties and functions and they certainly created an obstacle to his ability to carry out those functions.

Defendant also claims that the evidence was insufficient to convict him of Obstructing Highways or Other Public Passages because the Commonwealth failed to prove that the defendant made Blanche Avenue "impassable without unreasonable inconvenience or hazard". Title 18 Pa.C.S.A. §5507 provides:

> (a) Obstructing.--A person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway, railroad track or public utility right-of-way, sidewalk, navigable waters, other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree. No person shall be deemed guilty of an offense

4

under this subsection solely because of a gathering of persons to hear him speak or otherwise communicate, or solely because of being a member of such a gathering.

(b) Refusal to move on.--

(1) A person in a gathering commits a summary offense if he refuses to obey a reasonable official request or order to move:

(i) to prevent obstruction of a highway or other public passage; or

(ii) to maintain public safety by dispersing those gathered in dangerous proximity to a fire or other hazard.

(2) An order to move, addressed to a person whose speech or other lawful behavior attracts an obstructing audience, shall not be deemed reasonable if the obstruction can be readily remedied by police control of the size or location of the gathering.

(c) Definition.--As used in this section the word "obstructs" means renders impassable without unreasonable inconvenience or hazard.

Defendant's only claim regarding this offense of conviction is that the evidence was insufficient to prove that he obstructed Blanche Avenue because the evidence was legally insufficient to establish that his conduct made Blanche Avenue "impassable without unreasonable inconvenience or hazard." This claim is likewise without merit. The evidence presented to this Court established that the defendant parked his vehicle in such a way to block the ingress to and egress from Mr. Bernardi's driveway. To exit his driveway, Mr. Bernardi was forced to drive over a sidewalk to enter onto Blanche Avenue. The evidence at trial suggested that driving over the sidewalk created a risk of damage to Mr. Bernardi's vehicle due to the vehicle's low clearance to the ground. In this Court's view, the evidence was sufficient to prove that defendant obstructed Blanche Avenue.

5

For the foregoing reasons, the judgment of sentence should be affirmed.

By the Court:

Date: _1-14-25_        _____ J.

6